UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

MORGAN L. MEADE,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:20-cv-121

District Judge Michael J. Newman

**ORDER: (1) AFFIRMING THE ALJ'S NON-DISABILITY FINDING; AND (2) TERMINATING THIS CASE ON THE DOCKET**

This Social Security disability benefits appeal is before the Court for disposition. Doc. No. 2. Plaintiff Morgan L. Meade challenges the Administrative Law Judge's ("ALJ") determination that Plaintiff is not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (Doc. No. 12), the Commissioner's memorandum in opposition (Doc. No. 13), Plaintiff's reply (Doc. No. 14), the administrative record (Doc. No. 11), and the record as a whole.

I.

**A.    Procedural History**

Plaintiff filed for DIB and SSI alleging a disability onset date of September 30, 2001. Doc. No. 11-2 at PageID 54. Plaintiff claims disability from several alleged impairments including, among others, manic depressive disorder, post-traumatic stress disorder, and anxiety. Doc. 11-6 PageID 277.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Decision and Entry to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

After initial denials of her application, Plaintiff received a hearing before ALJ Deborah F. Sanders. Doc. 11-2 at PageID 69-103. The ALJ issued a written decision on March 15, 2019 finding Plaintiff not disabled. *Id.* at PageID 54-63. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of medium, unskilled work, [2] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" *Id.* at PageID 62. Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. *Id*. at PageID 38-41. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

B.    **Evidence of Record**

The evidence of record is summarized in the ALJ's decision (Doc. No. 11-2 at PageID 54–63), Plaintiff's Statement of Errors (Doc. No. 12), the Commissioner's memorandum in opposition (Doc. No. 13), and Plaintiff's reply (Doc. No. 14). The Court incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

A.    **Standard of Review**

The Court's limited inquiry on a Social Security appeal is to determine (1) whether substantial evidence supports the ALJ's non-disability finding, and (2) whether the ALJ employed

---

[2] Medium work "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." *Id*. § 404.1567(c). An individual who can perform medium work is presumed also able to perform light work and sedentary work. *Id.* Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." *Id.* § 404.1567(b). Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." *Id.* § 404.1567(a).

the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if substantial evidence supports the ALJ's decision. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the

3

ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity;

2. Does the claimant suffer from one or more severe impairments;

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1;

4. Considering the claimant's RFC, can he or she perform his or her past relevant work; and

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp. 2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ committed reversible error because, in Plaintiff's view, the ALJ misinterpreted the medical evidence of record. Doc. No. 12 at PageID 749. In particular, Plaintiff argues that the ALJ erred when she stated that Plaintiff's subjective complaints about her mental health were unsupported by objective evidence. *Id.* Having carefully reviewed the administrative record and the parties' briefs, and also having carefully considered the ALJ's analysis leading to the non-disability finding here at issue, the Court finds the ALJ carefully and reasonably developed and reviewed the record; appropriately considered the medical evidence at issue; properly weighed opinion evidence based upon reasons supported by substantial evidence; reasonably assessed the consistency of Plaintiff's statements regarding her alleged disability with the record as a whole; posed appropriate hypothetical

questions to the Vocational Expert ("VE"); accurately determined Plaintiff's RFC; and appropriately concluded, at Step Five (and in reliance on the VE's sworn testimony), that Plaintiff can perform a significant number of jobs in the national economy. *See McGrew v. Comm'r of Soc. Sec'y*, 343 F. App'x 26, 30 (6th Cir. 2009) (affirming ALJ's findings where ALJ rejected claimant's allegations of a fibromyalgia diagnosis when claimant had not met the formal requirements for a diagnosis and only made subjective complaints). The Court will not usurp the ALJ's finding that Plaintiff's subjective complaints do not align with objective medical evidence. *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) ("The absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances, this court will generally defer to the Commissioner's assessment when it is supported by an adequate basis.")

Accordingly, the Court **AFFIRMS** the ALJ's non-disability finding as supported by substantial evidence, and **TERMINATES** this case on the Court's docket.

    **IT IS SO ORDERED.**

  December 1, 2021                       /s Michael J. Newman
                                                       Hon. Michael J. Newman
                                                       United States District Judge